Filed 7/7/15  Smith v. Super. Ct. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ROBERT SMITH, | |
| Petitioner, | E063336 |
| v. | (Super.Ct.No. ICR15111) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  James S. Hawkins, Judge.  Petition is granted.

Robert Smith, Jr., in pro. per., for Petitioner.

No appearance for Respondent.

Michael A. Hestrin, District Attorney, Alan D. Tate, Deputy District Attorney, for Real Party in Interest.

## DISCUSSION

Trial courts have little discretion to deny a request for post-conviction discovery under Penal Code section 1054.9. (See *Catlin v. Superior Court* (2011) 51 Cal.4th 300.) As the statute does not provide for representation by counsel (cf. Pen. Code, § 1405, which *does* provide for the appointment of counsel when a defendant seeks DNA testing), courts should not impose unnecessary procedural bars. While it is not entirely clear how petitioner presented his request to the trial court, we are persuaded that he is entitled to a point-by-point determination on the merits of his requests.

We are not persuaded that the statute requires petitioner to first request discovery from the People, and at this point, given the time which has been expended, it seems preferable in any event to place the matter before the trial court for a final resolution rather than to inject additional delay.

We do not mean that trial courts are obliged to rule on requests that do not meet the statutory requirements, but we note that petitioner has now established that he cannot obtain the desired materials from trial counsel. Insofar as he requests materials to which he would *not* have been entitled at trial, and which are therefore not covered by Penal Code section 1054.9, the trial court may of course deny relief.

## DISPOSITION

On April 27, 2015, petitioner filed a motion to seal declaration in support of the petition for writ of mandate. Petitioner's request to seal the declaration is granted; however, the declaration was not significant to this court's decision.

2

The petition for writ of mandate is granted in part. Let a peremptory writ of mandate issue, directing the Superior Court of Riverside County to vacate its order denying petitioner's request, and to reconsider the request on the merits.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

In the interest of justice, this order shall be final forthwith.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


KING
J.